**MOSS v. POSTAL TELEGRAPH–CABLE CO.**

Civ. A. No. 42.

District Court, M. D. Georgia, Columbus Division.

May 16, 1941.

Arthur F. Copland, of Columbus, Ga., for plaintiff.

Wm. H. Young, Jr., of Columbus, Ga., for defendant.

DEAVER, District Judge.

The above cause having come on regularly for trial without the intervention of a jury, after hearing the evidence and arguments of counsel, the court makes the following findings of fact, conclusions of law and judgment:

Findings of Fact

1. Plaintiff is a resident of Muscogee County, Georgia. Defendant is a corporation organized under the laws of the State of Delaware, maintaining a branch office in the City of Columbus, Muscogee County, Georgia, and was there engaged in the transmission and communication of messages, etc., in interstate commerce.

2. Plaintiff was employed as manager of defendant's branch office at Columbus, Georgia, from October 23, 1938 to December 2, 1939.

3. Plaintiff was employed at a salary of $112 a month, or $25.84 per week for a 46-hour week from October 24, 1938 to October 23, 1939, inclusive, and at the same salary for a 44-hour week from October 24, 1939 to December 2, 1939, incl.

4. Plaintiff's title was manager and his duties included general office work, sending and receiving telegrams, bookkeeping, reports, preparing weekly pay roll data and reporting the regular and overtime hours worked by himself and other employees, answering on telephones, waiting on the counter and managerial work. He directed the work of other employees but had no authority to employ or discharge other employees, except possibly messenger boys.

5. Plaintiff worked regular hours in the office from 7 A. M. until 2 P. M., and from 4 P. M. to 5 P. M. except Sundays, on which days he worked from 8 A. M. to 11:30 A. M., making a total of 51½ hours per week, except the first week which did not include any Sunday hours. In other words, plaintiff on the first week worked 44 regular hours and 4 hours overtime in the office, and for the next 51 weeks he worked 44 hours regular time and 7½ hours overtime per week in the office, except one week during which he was on vacation and worked no overtime hours. In addition, plaintiff during the 1939 baseball season, from April 2, 1939 to September 11, 1939, inclusive, worked 443 overtime hours out of the office in connection with the broadcast of 151 baseball games. From October 24, 1939 to December 2, 1939 plaintiff worked 42 regular hours and 9½ overtime hours per week.

6. Defendant, according to its method of computation, paid the plaintiff for all overtime hours reported by him.

7. The total that plaintiff should have been paid for the entire 57 weeks is $2,131.86, and the amount actually paid plaintiff

during that period was $1,773.67, making a difference unpaid of $358.19.

8. The liquidated damages in this case amount to $358.19. A reasonable attorney's fee in this case is fixed at $100.

## Conclusions of Law

1. The court has jurisdiction of the parties and the subject matter.

2. The plaintiff is subject to the provisions of the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq.

3. From October 24, 1938 to October 23, 1939, inclusive, plaintiff's regular hourly rate was 55¢ and his overtime hourly rate was 82½¢. In other words, 44 hours at the regular rate plus 2 hours at the overtime rate amounts to the weekly salary agreed to be paid. After October 24, 1939 plaintiff's regular hourly rate was 57.4¢ and his overtime hourly rate was 86.1¢.

4. Plaintiff is entitled to recover $358.19 plus $358.19 liquidated damages, plus $100 attorney's fee, aggregating $816.38.

## Judgment

Whereupon, it is considered, ordered and adjudged that plaintiff, Troy W. Moss, do have and recover of defendant, Postal Telegraph-Cable Company, the sum of $358.19 unpaid compensation for his services, $358.-19 liquidated damages, $100 attorney's fee, and costs of this case.