**COLLINS v. FORD, BACON & DAVIS, INC.**

**Civ. A. No. 5179.**

District Court, E. D. Pennsylvania.

March 21, 1946.

William C. Ferguson, Jr. and Strong, Sullivan, Saylor & Ferguson, all of Philadelphia, Pa., for plaintiff.

Bell, Murdoch, Paxson & Dilworth, of Philadelphia, Pa., and Davies, Auerbach, Cornell & Hardy, of New York City, for defendant.

KIRKPATRICK, District Judge.

This is a motion by the defendant for summary judgment.

From the complaint, answer and affidavits it appears, without dispute, that the defendant-employer, under contract with Jacobs Aircraft Engine Company acting as agent for the Defense Plant Corporation, was supervising the construction of a plant for Jacobs Aircraft Engine Company of Pottstown, Pennsylvania. The plaintiff's employment was at the plant site and all his duties were performed there.

■ It has been settled by a large number of decisions that the original construction of a factory building does not constitute interstate commerce. Scott v. Ford, Bacon & Davis, Inc., D. C., 55 F. Supp. 982; Wells v. Ford, Bacon & Davis, Inc., 6 Cir., 145 F.2d 240. This is true, even though the factory is used after its construction for the manufacture of goods which are to be shipped in interstate commerce and even though a substantial part of the material used in the building is purchased in states other than the state in which the building is being erected and transported in interstate commerce to the site of the plant. Wells v. Ford, Bacon & Davis, Inc., supra; Brue v. J. Rich Steers, Inc., D. C., 60 F.Supp. 668. It, therefore, must be taken as undisputed that the defendant was not engaged in commerce.

■ Even so, the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq., would apply if the plaintiff is himself engaged in commerce, provided the other requisite conditions prescribed by the law and regulations are present. McLeod v. Threlkeld, 319 U.S. 491, 63 S.Ct. 1248, 87 L.Ed. 1538.

The plaintiff's position is, in substance, that he is engaged in commerce because information, in the form of plans and drawings, prepared by him were sent by mail to points outside the state and were used by contractors or subcontractors in making bids to do portions of the construction work at Pottstown.

To begin with, it is safe to say, that merely preparing, writing and mailing a letter to a point outside the state in which it is mailed does not in itself constitute an act of interstate commerce, nor does the fact that there may be a number of letters add anything. If the rule were otherwise, a social secretary, a lawyer's stenographer or a physician's office assistant would all be engaged in commerce and would automatically come under the Act.

Employees engaged in preparing and transmitting letters, containing information of one kind or another to points outside the state, may be subject to the Act and have been held so to be in several classes of cases:

1. Where the employer is engaged in interstate commerce and the employees are clerks, stenographers, office workers, etc., whose activities are an essential part of the employer's interstate business. Brown v. Minngas Co., D.C., 51 F.Supp. 363.

2. Where the transmission of information is, of itself, the employer's principal business. Moss v. Postal Telegraph-Cable Co., D.C., 42 F.Supp., 807.

3. Even though the employer may not be engaged in commerce, the preparation and writing of letters, soliciting or making arrangements for the purchase of goods in other states to be sent across state lines for use by the employer in connection with his business may constitute acts of commerce and bring the employees so engaged within the Fair Labor Standards Act. I say "may" because my attention has not been called to any case squarely laying down such rule. Several come rather close to it. International Text-Book Co. v. Pigg, 217 U.S. 91, 30 S.Ct. 481, 54 L.Ed. 678, 27, L.R.A.,N.S., 493, 18 Ann.Cas. 1103; Walling v. Goldblatt Bros., 7 Cir., 128 F.2d 778; cf. Real Silk Hosiery Mills v. City of Portland, 268 U.S. 325, 45 S.Ct. 525, 69 L.Ed. 982. I shall, however, for the purposes of this decision assume that it is the law.

Even upon that assumption, however, this plaintiff, on the showing made by his affidavit, does not bring himself within the Act. Describing himself as a draftsman performing the duties "of any other first-class draftsman working at a drawing board," he says: "plaintiff's principal activity for defendant, to which activity he gave practically all his time, was the production of plans and specifications, all of which were intended to be transmitted and were transmitted by defendant to contractors both inside and outside of the State of Pennsylvania, in order that the latter might bid on, execute and continue to execute the work being designed by defendant for said Jacobs Aircraft Engine Company. The successful bidder with whom to an admittedly limited extent plaintiff afterwards corresponded was the Lord Electric Company of New York City, New York. Many of the other bidders to whom such plans and specifications were sent likewise had places of business outside the State of Pennsylvania."

Admittedly, all the work which resulted from the contracts so made was performed in Pennsylvania and was a part of the original construction of a factory building. It is not alleged that any of the contracts involved the purchase by the defendants of goods or materials to be shipped to it by the contractors or subcontractors from points outside of Pennsylvania. As a matter of fact, it is not alleged that any of the materials which went into the construction work done under the contracts or subcontracts so made came from outside Pennsylvania.

What is disclosed by the evidence before the Court, accepting the plaintiff's affidavit as correct in all particulars, is the case of an employee writing or transmitting information to persons outside of Pennsylvania as a result of which those persons came to Pennsylvania and did certain construction work, or, at least, procured certain construction work to be done in the State of Pennsylvania. No case to which I have been referred goes so far as to hold that this type of activity is sufficient to make the employee who carries it on engaged in commerce.

Section 7(a) of the Act limits the application of the Statute to an employee "who is engaged in commerce or in the production of goods for commerce." It is not suggested that the plaintiff is engaged in

the production of goods. Consequently if the plaintiff is not engaged in commerce, it is immaterial that he may be outside of the classes exempt by Section 13(a) or that the requirements of the regulations as to the character of his employment may have been met in other respects.

As to the question whether this plaintiff is engaged in interstate commerce, I have accepted as verity his affidavit and I have found that the facts there stated are not sufficient to bring him into the purview of the Fair Labor Standards Act. Thus, there is no genuine issue as to his status because, assuming that all he says is true, he is not covered. This being so there is no other material fact in the case. All other facts covered by the affidavits could be found in his favor without changing the result. It, therefore, is a proper case for the entry of summary judgment.

Summary judgment is entered for the defendant.