## COLLINS v. FORD, BACON & DAVIS, Inc.

### Civ. A. No. 5179.

District Court, E. D. Pennsylvania.

May 31, 1946.

For former opinion, see 66 F.Supp. 424.

William C. Ferguson, Jr., of Philadelphia, Pa., for plaintiff.

Bell, Murdoch, Paxson & Dilworth, of Philadelphia, Pa., and Davies, Auerbach, Cornell & Hardy, of New York City, for defendant.

KIRKPATRICK, District Judge.

██ In the opinion granting summary judgment for the defendant, the Court, without deciding the question, intimated that making arrangements for the purchase of goods to be sent across state lines for use by the employer in connection with his business might constitute an act of commerce and bring employees so engaged within the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq., even though the employer's business is entirely intrastate

(as, in this case, the erection of a factory building). The plaintiff has asked leave to file a supplementary counter-affidavit principally directed to that point. However, before the question can be reached, it must appear that a substantial part of the employee's time was devoted to work of that kind.

If the affidavit be examined it will be seen that it gives not the slightest hint of what part of the plaintiff's time was spent in the preparation of plans which contemplated or resulted in the purchase, by the defendant, of materials, equipment or apparatus to be shipped to it from points outside of Pennsylvania. It is not intended to deprive the plaintiff of any proof he may have to support his case, but the affidavit was concededly drawn with great care by a very competent lawyer who was fully aware of the burden his client had to meet and it is fair to assume that, had the plaintiff been able to do so, he would have disclosed how much of his time he spent on such work or, at least, stated that the time so spent by him was substantial. The point was an essential one and the burden of proof on the plaintiff in respect of it has not been met.

The general allegation contained in the first sentence of the sixth paragraph certainly does not meet it. It simply says that materials were purchased directly by the defendant as well as by contractors working on the job, without saying how much the defendant's purchases amounted to. They might, within the terms of the affidavit, be so small as to be negligible. In specifying what materials, equipment, etc., came from outside of Pennsylvania, the only item alleged to have been purchased by the defendant is item (c) of Paragraph 6,—"Electrical control apparatus for gasoline pump houses." Nothing is said to indicate what this item amounted to in materials or money or how much time the plaintiff spent in drawing plans for it. None of the eight other items specified are alleged to have been purchased by the defendant.

■ I am still definitely of the opinion that, under the facts of this case, the business of the employer being intrastate,

the preparation of plans and the writing of letters, as a result of which persons other than the employer procure materials outside the state and ship them into Pennsylvania for use in performing their own independent contracts, constitute neither the production of goods for commerce nor engaging in commerce within the meaning of the Fair Labor Standards Act.

■ Plans, designs and letters by which information is transmitted can be considered "goods" only when the plans themselves or the information contained in the letters is the thing which the employer sells and his customers buy. They are not "goods" where they are merely incidental to carrying on an intrastate business, even though they may have something to do with ultimately moving goods in commerce.

■ Nor is the employee engaged in commerce under the test adopted by the Supreme Court in McLeod v. Threlkeld et al., 319 U.S. 491, 497, 63 S.Ct. 1248, 1251, 87 L. Ed. 1538, which is "not whether the employee's activities affect or indirectly relate to interstate commerce but whether they are actually in or so closely related to the movement of the commerce as to be a part of it." It may be that the present plaintiff's employee activities, resulting in purchases and shipments by subcontractors for performance of their contracts in Pennsylvania, "affect or indirectly relate to" interstate commerce but they are clearly not "actually in or so closely related to the movement of the commerce as to be a part of it."

It thus appears that the supplemental affidavit does not raise any genuine issue as to a material fact and adds nothing which affects the conclusion already reached. In order, however, that the plaintiff may have the benefit of it in case of an appeal I will allow it to be filed and, to make the opinion conform to the record as finally before the Court, the opinion is amended by rewriting the twelfth paragraph so that the entire paragraph will read: "Admittedly, all the work which resulted from the contracts so made was performed in Pennsylvania and was a part of the original construction of a factory building. It is not alleged that any sub-

stantial part of the plaintiff's time was spent upon or in connection with contracts involving the purchase by the defendant of goods or materials to be shipped to it by the contractors or subcontractors from points outside of Pennsylvania."

The opinion will stand as so amended and the Court adheres to the order entering summary judgment for the defendant.