THOMAS G. CROWE, Plaintiff, *v.* ELMHURST CONTRACTING Co., INC., Defendant.

Supreme Court, Trial Term, New York County, April 17, 1947.

*Seymour J. Colin* and *Harold J. Mintz* for plaintiff.

*Corner, Bell, Russell & McNulty* for defendant.

McNALLY, J. This is an action to recover overtime pay for services performed by plaintiff as an employee of defendant in British Guiana in connection with the construction by defendant of a defense base upon land leased by United Kingdom of Great Britain to the United States of America for ninety-nine years. The work was done in performance of a contract between defendant and the United States Government, and any recovery herein will ultimately be paid for by the United States Government (Supplemental Agreement No. 5, p. 15, plaintiff's Exhibit No. 6). That agreement contemplated the possibility that the Fair Labor Standards Act of 1938 (U. S. Code, tit. 29, § 201 *et seq.*) might be held applicable to work performed under the contract in British Guiana: " In the event that claim shall be made by one or more employees heretofore or hereafter directly engaged in the performance of work under the contract, whose salary rate has been approved by the Contracting Officer, that he or she is entitled to overtime compensation under the Fair Labor Standards Act of 1938, or other applicable laws, the Contractor shall be reimbursed for any additional amount, including penalties and attorneys' fees, which he shall be directed to pay and shall have paid to any such employee or employees by order of any court or administrative body of competent jurisdiction, including settlements made with the written consent of the Contracting Officer, and also for such costs and expenses of litigation or defense, including reasonable attorneys' fees." Plaintiff's services were rendered between May 17, 1941, and June 16, 1942.

Upon the trial of the action three of the five causes of action contained in the complaint were withdrawn by plaintiff. The issue as to whether the plaintiff was an executive within the meaning of the Fair Labor Standards Act of 1938 was submitted to the jury by a framed question and was resolved in favor of plaintiff by a verdict in the negative. A motion to set aside the verdict was denied. There remain for consideration two questions: (1) Whether the Fair Labor Standards Act is applicable to work done on the defense base in British Guiana, and (2) whether one who has worked more than eight hours per day possesses a cause of action against his employer for overtime pay under title 40 of the United States Code (§ 321 *et seq.*) commonly known as the " Eight Hour Law."

The Fair Labor Standards Act, by its express terms, applies to persons engaged in trade, commerce, transportation, transmission or communication among the several States or from any State to any place outside thereof (Act, § 3, subd. [b]; U. S. Code, tit. 29, § 203, subd. [b]). The word " State " is defined to include " any Territory or possession of the United States." (Act, § 3, subd. [c]; U. S. Code, tit. 29, § 203, subd. [c]).

Plaintiff relies upon a decision of the City Court, New York County, affirmed by the Appellate Term, First Department, to the effect that the territory in British Guiana leased by Great Britain to the United States is a possession of the United States within the meaning of section 3 (*Eckert* v. *Elmhurst Contr. Co.,* 185 Misc. 108, affd. 186 Misc. 100). Since the affirmance by the Appellate Term the Federal court in this district has made a contrary holding predicated upon the proposition that the question of whether the defense base is a possession of the United States is " a political question to be determined by the legislative and executive departments of the government, and not by the courts." (*Connell* v. *Vermilya-Brown Co.* 73 F. Supp. 860, 861.) The Federal court expressly refused to follow the holding in *Eckert* v. *Elmhurst Contracting Co., Inc.* (*supra*).

Although this court has the utmost respect for the learned jurist who decided the *Connell* case (*supra*) the courts of this State are not bound to follow Federal courts of first instance on Federal questions. Three justices of this court have already held that the base in British Guiana is a possession of the United States within the meaning of the Fair Labor Standards Act, and there is ample justification for the position taken by them. The obvious purpose of Congress, as revealed in the provisions of the act, was to extend its scope to all regions and places regarding which Congress had the power to enact the legislation embodied in the act. Although it may perhaps be that the base in British Guiana was not a possession of the United States for all purposes, it would seem that it was such a possession for the purposes of the Fair Labor Standards Act. The lease between the United States and Great Britain contained a provision that " The United States shall have all the rights, power and authority within the Leased Areas which are necessary for the establishment, use, operation and defense thereof, or appropriate for their control, and all the rights, power and authority within the limits of territorial waters and air spaces adjacent to, or in the vicinity of, the Leased Areas, which are necessary to provide access to and defence of the Leased Areas, or appropriate for

control thereof." (Art. I, subd. [1]; 55 U. S. Stat. 1560.) The word " possession " is defined in Webster's New International Dictionary as " The thing possessed; that which anyone occupies, owns or controls; in *pl.*, property in the aggregate; wealth; dominion; as, foreign *possessions.*" It seems clear that the parties intended to transfer to the United States, for the period of the lease, possession of the areas in question, physical, proprietary and political. That Great Britain was relinquishing and turning over to the United States entire control is particularly indicated by the exception in subdivision (4) of article XI which provides: " It is understood that a Leased Area is not a part of the territory of the United States for the purpose of coastwise shipping laws so as to exclude British vessels from trade between the United States and the Leased Areas." (55 U. S. Stat. 1565.) The object of Congress having been to make the Fair Labor Standards Act applicable wherever it had the power to do so, there would seem to be no valid reason for holding the act inapplicable to American employers of American citizens, such as plaintiff, performing labor on the defense base leased to the United States in British Guiana.

The court accordingly holds the Fair Labor Standards Act is applicable here and, therefore, directs judgment in favor of the plaintiff upon the first cause of action. In view of this determination it is unnecessary to consider whether plaintiff is entitled to recover upon the second cause of action, for it is clear that the plaintiff may not recover on both causes.

Defendant's motions at the close of plaintiff's case and at the close of defendant's case, on which decision was reserved, are denied with appropriate exceptions. Judgment is directed for plaintiff in the sum of $7,079.14, together with costs and disbursements, plus a counsel fee to the attorney for plaintiff in the sum of $750. Exception to defendant. Thirty days' stay and sixty days to make a case.