JOHN J. FINNAN, Plaintiff, *v.* ELMHURST CONTRACTING Co., Defendant.

Supreme Court, Special Term, New York County, December 11, 1950.

*A. Schneider* for plaintiff.

*Gilbert F. Regan* for defendant.

Isidor Wasservogel, Official Referee. This is an action to recover unpaid overtime wages pursuant to the provisions of two Federal statutes, namely the Fair Labor Standards Act of 1938 (U. S. Code, tit. 29, § 201 *et seq.*) and the Eight Hour Law (U. S. Code, tit. 40, § 324).

On February 7, 1941, the United States and the defendant entered into an agreement whereby the latter was to construct an outlying defense base in British Guiana, South America. The United Kingdom of Great Britain leased the land upon which such base was to be constructed to the United States for a period of ninety-nine years. All principal personnel in connection with the work, including plaintiff, were hired in New York. On November 8, 1941, plaintiff and the defendant entered into a contract of employment whereby the plaintiff was hired as a timekeeper at a salary of $57.69 per week. Thereafter, plaintiff worked on the job site in British Guiana pursuant to the terms of said contract. On or about July 7, 1942, a new contract was executed between the parties herein whereby the plaintiff was promoted to the position of labor foreman at a salary of $100 per week. Plaintiff continued in this position on the construction work until the early part of November, 1942. The complaint alleges that plaintiff worked for the defendant for work weeks in excess of forty hours per week and for work days in excess of eight hours per day, for which he demands judgment at the rate of time and one-half.

As to the first cause of action, in order to avail himself of the provisions of the Fair Labor Standards Act (*supra,* hereinafter referred to as the Act), plaintiff must show that he was engaged in commerce or in the production of goods for commerce within the meaning of the Act. The Act, by its terms, applies only to persons engaged in trade, commerce, transportation, transmission or communication among the several States, or from any State to any place outside thereof (U. S. Code, tit. 29, § 203, subd. [b]). The word " State " is defined to include any territory or possession of the United States (U. S. Code, tit. 29, § 203, subd. [c]), and, for the purposes of this action, the base in British Guiana is deemed to be a possession of this country within the definition and intendment of the Federal statute (*Crowe* v. *Elmhurst Contr. Co.,* 191 Misc. 585, 587, affd. 273 App. Div. 999, motion for leave to appeal to the Court of Appeals denied 299 N. Y. 797).

There is no rule of thumb or broad general principle by which a court may determine whether a particular employee is entitled to the relief afforded by the Act. The burden of proof is upon the employee and each case must be decided on its own particular facts. (*Baine* v. *Murphy, Inc.*, 70 N. Y. S. 2d 295, 300; *Stoike* v. *First Nat. Bank of City of New York*, 290 N. Y. 195, certiorari denied 320 U. S. 762; *Gerlach* v. *Freeport Mach. Works*, 268 App. Div. 824; *10 East 40th St. Bldg.* v. *Callus*, 325 U. S. 578).

For an employee to be '' engaged in commerce '' within the meaning of the Act, his activities must be actually in or so closely related to the movement of interstate commerce as to be an integral part of it (*Baine* v. *Murphy, Inc., supra*, p. 301; *Schwarz* v. *Witwer Grocer Co.*, 141 F. 2d 341, 344, certiorari denied, 322 U. S. 753; *Kirschbaum* v. *Walling*, 316 U. S. 517). It is clear in the instant action that the plaintiff does not comply with the requirements necessary to put him within the coverage of the Act. The evidence shows that throughout the period in which he was engaged as a timekeeper, plaintiff kept records of the working hours of employees who were employed on original construction work, which was essentially local in nature (*Maitrejean* v. *Metcalfe Constr. Co.*, 165 F. 2d 571; *Scholl* v. *McWilliams Dredging Co.*, 169 F. 2d 729; *Soderberg* v. *Birch & Sons Constr. Co.*, 163 F. 2d 37, certiorari denied 332 U. S. 816). There is nothing in the record to indicate or support the inference that the plaintiff devoted any part of his time in keeping the records of men regularly engaged in commerce as set forth in the Act.

The evidence further shows that while plaintiff was employed as a labor foreman he likewise supervised a group of men who were exclusively engaged in the local construction work of the defense base. The fact that some of the materials used in the construction work were delivered by boat from various places other than British Guiana itself does not, from a practical point of view, affect the essentially local nature of the activity for which plaintiff was hired by the defendant (*Baine* v. *Murphy, Inc., supra*, pp. 300–301; *Baloc* v. *Foley Bros.*, 68 F. Supp. 533; *Collins* v. *Ford, Bacon & Davis, Inc.*, 66 F. Supp. 424). The sole determinative factor is the nature of the employee's duties and not the character of the employer's business (*Reed* v. *Murphey*, 168 F. 2d 257, cause remanded 335 U. S. 865; *Kirschbaum* v. *Walling, supra*). Considering plaintiff's local duties as timekeeper and labor foreman, I hold that he does not come within

the coverage of the Act. Plaintiff's first cause of action, therefore, is dismissed upon the merits.

Plaintiff's second cause of action is predicated upon the provisions of the Eight Hour Law (*supra*). Unlike the Fair Labor Standards Act, this statute contains no requirement that the work performed must be in interstate commerce. It is true that there is nothing in the Eight Hour Law which, by its terms, directly confers upon laborers and mechanics a right of action. It is plain, however, that the statute is remedial and was enacted by Congress for the purpose of eliminating substandard conditions in overtime work (*Walling* v. *Patton-Tulley Transp. Co.*, 134 F. 2d 945, 949). Consequently the law should be construed liberally so as to afford a plaintiff the right to invoke the aid set forth therein (*Filardo* v. *Foley Bros.*, 297 N. Y. 217, revd. on other grounds, 336 U. S. 281; *Veador* v. *Bay State Dredging & Contr. Co.*, 79 F. Supp. 837).

Defendant's reliance on the administrative rulings of the War Department of the United States, declaring that the provisions of the Eight Hour Law were not applicable to defendant's employee, is no defense to the instant cause of action. The defense thus pleaded applies only to plaintiff's first cause of action based on the Fair Labor Standards Act and is of no merit in the second cause of action based on the Eight Hour Law.

Defendant has cited the *Filardo* case (*supra*) for the proposition that the Eight Hour Law does not apply for work performed in a foreign country and, therefore, plaintiff is precluded from seeking any relief based on such statute. This was not the holding in the *Filardo* case. It is to be noted that the United States Supreme Court in that action did not define the precise geographical coverage of the statute (*Foley Bros.* v. *Filardo*, 336 U. S. 281, *supra,* footnote p. 286). The court merely decided that the Eight Hour Law was inapplicable to contractors working on military bases *not under lease* to the United States (*Foley Bros.* v. *Filardo, supra,* p. 290; see footnote *United States* v. *Spelar,* 338 U. S. 217, 222). In the instant action the work performed by plaintiff was on a strip of land leased to the United States for a period of ninety-nine years, over which it exercises full and complete sovereignty and legislative control.

The record shows that the total number of hours worked by the plaintiff in excess of eight hours in any one calendar day totals at least 896½ hours. Plaintiff is entitled to compensation

for such overtime working hours at the rate of time and one-half. By reason thereof, there is now due and owing plaintiff the sum of $1,958.91.

Judgment is directed for plaintiff in the sum of $1,958.91, with interest. Thirty days' stay granted to defendant.