W. Willard **WIRTZ**, Secretary of Labor,
United States Department of Labor,
Plaintiff,

v.

**Ralph R. KOCH**, Defendant.

Civ. 67–119S.

United States District Court
D. South Dakota, S. D.

July 30, 1969.

———◆———

Charles Donahue, Harper Barnes, T. A. Housh, Jr., U. S. Dept. of Labor, Kansas City, Mo., for plaintiff.

Tom Kirby, Kirby, McDonnell & Kirby, Sioux Falls, S. D., for defendant.

## MEMORANDUM DECISION

NICHOL, Chief Judge.

This is a suit brought by the Secretary of Labor to enjoin the defendant, Ralph R. Koch, from violating the provisions of sections 7 and 15(a) (2) of the Fair Labor Standards Act of 1938 (now codified in 29 U.S.C. § 201 *et seq.*, hereinafter called the Act) and to restrain the defendant from continuing to withhold unpaid minimum wages and overtime compensation due certain employees of the defendant. Jurisdiction is conferred upon this Court by section 17 of the Act. Both sides have moved for Summary Judgment.

The defendant is a sole proprietor doing business under the name and style of Ralph R. Koch, Architect, having his principal office, establishment and place of business at 100 North Phillips Avenue, Sioux Falls, South Dakota, where he is employed in the architectural business. The parties have entered into a stipulation of facts as follows:

### STIPULATION OF FACTS

"It is hereby stipulated by and between the parties hereto that each of the builder's exchanges in Omaha, Nebraska; St. Paul, Minnesota; Minneapolis, Minnesota; Sioux City, Iowa; and Sioux Falls, South Dakota, to which defendant has sent plans or working drawings of construction projects, is engaged in furnishing copies of architectural plans and drawings, including those sent to them by defendant, to builders, material suppliers, and manufacturer's representatives located in the areas serviced by the aforesaid respective builder's exchanges.

"It is further stipulated that the drawings and plans furnished to builders, material suppliers, and manufacturer's representatives by the aforesaid builder's exchanges are furnished for the use of said builders, material suppliers and manufacturer's representatives in preparing bids for labor and materials, and that the said plans and working drawings furnished by defendant to said builder's exchanges were furnished to them with the intention and expectation of soliciting such bids from builders, suppliers and materialmen located in the area of the respective builder's exchanges.

"It is further stipulated that those plans and drawings furnished by defendant directly to builders, material suppliers, and manufacturer's representatives located outside the State of South Dakota were sent to them by defendant for their use in preparing bids on labor and materials from said drawings and plans, and with the intention and expectation of soliciting such bids."

The parties agree that the sole issue to be decided in this case is whether or not architects' plans and blueprints constitute "goods" within the meaning of section 3(i) of the Act. This question was answered in the negative by the Court in Collins v. Ford, Bacon & Davis, 66 F.Supp. 424 (E.D.Pa.1946), where in a fact situation similar to this that Court held that the sending of plans to contractors outside the state for purposes of preparing bids did not constitute engaging in interstate commerce. That Court also held in a later decision in the same case at 71 F.Supp. 229 that the plans etc. were not "goods" unless they are sold by the employer to his customers. There is no dispute in the instant case that the plans involved always remain the property of the defendant and are not sold. The *Collins* case upon which defendant relies has not, as defendant states, ever been reversed, but is it indicative of the law today? We think not.

As defendant states in his brief, the *Collins* case at 71 F.Supp. 229 held that plans, designs and letters by which information is transmitted can be considered "goods" only when the plans themselves or the information contained in the letters is the thing the employer sells and his customers buy. The necessity of "selling" goods has been rejected by the 8th Circuit Court of Appeals in Mitchell v. Brown, 224 F.2d 359 (8th Cir. 1955), cert. den. 350 U.S. 875, 76 S.Ct. 119, 100 L.Ed. 773 when although the plans used in that case were not sold still the actions of the employees of Brown constituted "engaging in commerce." Unfortunately, that Court did not find it necessary to decide whether the employees were engaged in the "production of goods for commerce." It is the opinion of this Court that had that question been decided, the employees would have been found to be engaged in the production of "goods" for commerce.

It should also be pointed out that the Act requires only that the employees be engaged in the *production* of such goods. That the goods themselves are used by others, but that they always remain the property of the employer, here Koch, seems to be of no consequence. The goods involved have fulfilled their purpose and attempting to use their ultimate ownership or retention of their ownership by the employer-producer as a distinguishing factor would, in the opinion of this Court, be utterly meaningless. The recent cases of Wirtz v. A. S. Giometti & Assoc., Inc., 399 F.2d 738 (5th Cir. 1968), and White v. Wirtz, 402 F.2d 145 (10th Cir. 1968) hold that plats and maps of land boundary locations, articles similar to those in question in the instant case, are "goods" within the meaning of the Act. We are not unmindful of the Eighth Circuit's admonition in the late case of Wirtz v. First State Abstract and Ins. Co., 362 F.2d 83 (8th Cir. 1966) that liberal construction is to be given to language contained in the Fair Labor Standards Act (*citing* Mitchell v. C. W. Vollmer & Co., 349 U.S. 427, 75 S.Ct. 860, 99 L.Ed. 1196 (1955)).

It is the opinion of this Court that the architectural plans, drawings and blueprints herein involved are "goods" within the meaning of section 3(i) of the Act. For that reason, Summary Judgment will be granted to the plaintiff as to the relief requested in his complaint, and the defendant is permanently enjoined and restrained from violating the Act including the continued withholding of unpaid overtime compensation for a period commencing two years prior to the filing of said complaint.

The foregoing Memorandum embodies the findings of fact and conclusions of law, pursuant to Fed.R.Civ.P. 52(a), believed by the Court to be necessary

with respect to coverage under the Act. Plaintiff is directed to prepare Summary Judgment accordingly containing a computation of amount due said employees with interest and costs.