## GOLDBERG v. WORMAN et al.
### No. 250J.

District Court, S. D. Florida,
Jacksonville Division.

March 18, 1941.

E. K. McIlrath, of Jacksonville, Fla., for plaintiff.

A. H. Rothstein, of Jacksonville, Fla., for defendants.

STRUM, District Judge.

Plaintiff, an employee in the bakery business hereinafter mentioned, sues to recover wages alleged to be due him under the provisions of the Fair Labor Standards Act of 1938. The suit is brought pursuant to 29 U.S.C.A. § 216(b).

The defendant Samuel Worman conducts a small bakery and delicatessen business at 204 Broad Street, Jacksonville, Florida. The bakery business is about 25 per cent. wholesale and 75 per cent. retail. During the period in question, the average wholesale sales per week were $120 and the average weekly retail sales were $468.

Except as hereinafter stated, the business, both wholesale and retail, is carried on wholly within the State of Florida, and almost all of it in Duval County.

The defendant in his business sells bread and other products especially made for and used by Jewish people. Defendant makes small shipments of these products twice a week, to persons in Thomasville, Georgia, Waycross, Georgia, and Valdosta, Georgia. The consignees of these shipments are Jewish people who desire to secure this type of product, not for resale in the usual course of business, but for consumption. One of the consignees is a Rabbi, another is in the clothing business, and the third in the junk business. None of these people are in the food business, but they secure from the defendants small quantities of his product, some of which they consume, and distribute the remainder amongst their local friends.

The average weekly shipments to Waycross are about $9 to $11 in value; those to Thomasville about $3.50; and those to Valdosta about $5. These shipments were not intended for resale to the public generally, but were consumed in part by the

consignees and in part distributed by the consignees to their Jewish friends as a matter of accommodation. Thus it will be seen that the total aggregate value of the weekly shipments to Georgia is about $17 or $18, out of a total weekly business of about $588, or roughly 3 per cent.

The percentage of goods shipped to another State, in relation to the total business done, is not the sole determinative factor in ascertaining whether or not the defendant is engaged in interstate commerce. Santa Cruz Fruit Packing Co. v. N. L. R. B., 303 U.S. 453, 58 S.Ct. 656, 82 L.Ed. 954, 955. The controlling question is whether such shipments bear a sufficiently substantial relation to interstate commerce to be really and fairly regarded as affecting such commerce.

This court fully recognizes the the doctrine that the power of Congress to regulate interstate commerce is plenary and extends to all such commerce, be it great or small. N. L. R. B. v. Gulf Pub. Serv. Co., 5 Cir., January 8, 1941, 116 F.2d 852. The amount of the commerce involved is significant, however, to the extent that Congress may be taken to have excluded commerce of inconsequential volume from the operation of its regulatory measure, by express provision or by fair implication. There is in the act no exclusion with respect to volume. Therefore, there is no limitation in that respect, except that to which the courts will apply the maxim "de minimis non curat lex." N. L. R. B. v. Fainblatt, 306 U.S. 601, 59 S.Ct. 668, 83 L.Ed. 1014; N. L. R. B. v. Gulf Pub. Serv. Co., supra.

The court, however, is of the opinion that the situation here presented falls squarely within the doctrine of de minimis. It would require a broad stretch of the imagination to say that in passing the Wage and Hour Act, Congress entertained an intent to include businesses carrying on only such negligible and insignificant transactions in interstate commerce as those here involved. The amount and value of the goods shipped beyond the State of Florida by this defendant is so trifling and inconsequential,—a total value of approximately $18 per week, out of a total business per week of about $588,—and so infinitesimal when compared with the aggregate value of interstate commerce in this type of commodities, that the court finds that this defendant is in no real or substantial sense engaged in interstate commerce within the meaning of the statute.

While this court has heretofore construed the Wage and Hour Act as very broad and far-reaching, extending to all activities, interstate or intrastate, which appreciably affect or have a substantial relation to interstate commerce, both large and small, the court feels that the situation here presented is so inconsequential as to be beyond the contemplation of the statute, and that in passing the statute Congress did not intend to extend its regulatory powers to such incidental and negligible transactions as are here presented as a basis for this suit.

Complaint dismissed.