Plaintiff invokes the provisions of the "Fair Labor Standards Act of 1938," 29 U.S.C.A. §§ 206, 207, hereinafter referred to as FLSA, in his desire to recover judgment against defendant in the sum of $1,102.98 and reasonable attorney's fee. His suit is predicated upon the theory that from February 6, 1939, to March 12, 1940, he was an employee of defendant, who, it is alleged, for said period, was engaged in interstate commerce. The provisions of the FLSA relied upon are as follows, to-wit:
"§ 206. Minimum wages; effective date
"(a) Every employer shall pay to each of his employees who is engaged in commerce or in the production of goods for commerce wages at the following rates —
"(1) during the first year from the effective date of this section, not less than 25 cents an hour,
"(2) during the next six years from such date, not less than 30 cents an hour, * * *.
* * * * * *
"§ 207. Maximum hours
"(a) No employer shall, except as otherwise provided in this section, employ any of his employees who is engaged in commerce or in the production of goods for commerce —
"(1) for a workweek longer than forty-four hours during the first year from the effective date of this section,
"(2) for a workweek longer than forty-two hours during the second year from such date, or
"(3) for a workweek longer than forty hours after the expiration of the second year from such date, unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."
Plaintiff alleges that for the first two weeks of his employment he was paid $15 per week, but thereafter was paid only $10 per week, which amount is less than the wage due for a work week of either forty-four hours or forty-two hours at the rates fixed by the statute. He also alleges that for each week of his employment he worked several hours in excess of the maximum number constituting a work week under the FLSA. His demand embraces a claim for balance due on regular wage account and for one and one-half times the regular wage for the hours worked in excess of the number constituting a work week. He attached to and made a part of his petition a statement purporting to accurately reflect his weekly work record for the mentioned period.
Defendant's answer puts at issue each of the essential allegations of the plaintiff. It is specifically denied:
1. That plaintiff was an employee of defendant for the period named, save for five weeks for which, it is alleged, he was paid $15 per week;
2. That he worked an excess number of hours for any week of said period;
3. That defendant for said period was engaged in interstate commerce.
As to that portion of the demand accruing prior to January 21, 1940, prescription of one year, liberandi causa, established by Article 3534 of the Civil Code, *Page 324 
is pleaded. This suit was filed on January 21, 1941.
Plaintiff's demand was rejected and his suit dismissed. He prosecutes appeal.
Logically, the first defense to be considered and disposed of is whether defendant engaged in interstate commerce for the alleged period of employment because the FLSA by its own specific terms applies only to that sort of business and to the business of producing goods for commerce. Section 202 (a), 29 U.S.C.A. Of course, the second class of business has no possible application as defendant was not producing the products he delivered. No such contention is here made. We are of the opinion that his business is not of interstate character and, this being true, he is not amenable to the provisions of the FLSA.
Defendant owns one tank truck of 460 gallons capacity. Mr. B.F. Overdyke owns and operates a bulk station in Bossier City, across the river from Shreveport, Louisiana, from which he delivers or has delivered to his patrons (operators of filling stations, etc., in Louisiana) gasoline and lubricants. In the year 1938 he contracted with defendant to haul and deliver his products. Defendant engaged in this sort of business for several years prior to 1938 for other persons and had acquired some patrons in and about Marshall, Texas. Mr. Overdyke also operates and owns a bulk sales station in Marshall and arranged there for defendant to procure the products necessary to supply his Texas customers.
Under the contract with Overdyke, defendant delivered gas and lubricants to Louisiana patrons for five days of each week and to Texas patrons one day (Tuesday) of each week. He used the same truck in hauling and delivering these products, but carried none to Texas from Louisiana nor brought back any to Louisiana from Texas.
Defendant was taken sick on or about February 20, 1940, and for that reason was unable to attend to his business. He engaged plaintiff to do so. The disability continued for two weeks. On one trip to Texas to make deliveries to defendant's patrons, plaintiff, without defendant's knowledge or consent, carried 100 gallons of coal oil from Louisiana into Texas and delivered same. Thereafter, while plaintiff was assisting him, defendant carried in the truck over the state line a quantity of axle grease to replace some he had previously borrowed, and on another occasion he brought from Texas a 120 gallon tank, owned by him, and delivered it to a customer in Louisiana. These three mentioned acts of transportation across the state line and the use of the same truck in making deliveries in both states are urged and relied upon by plaintiff to stamp defendant's business as interstate commerce.
Section 203 (b) of the FLSA defines commerce, as employed therein, to mean "trade, commerce, transportation, transmission, or communication" among the several states, etc.
It is obvious that "commerce" as employed in the act does not nor was it intended to embrace isolated, unrelated instances of transportation by one whose business otherwise is wholly intrastate. These isolated, unrelated acts by no stretch of the imagination would convert an intrastate business into an "industry engaged in commerce", within the meaning of that phrase in the FLSA. Such acts do not within themselves constitute a business. Such interpretation of the pertinent provisions of the FLSA has been approved by several of the United States District Courts. We here cite some of them.
In Goldberg v. Worman et al., 37 F. Supp. 778, the District Court of Florida, Jacksonville Division, held: "A baker whose total shipments of products to Jewish customers outside the state amounted to about $17 to $18 per week, which was only 3 per cent. of his aggregate business was not engaged in `interstate commerce' so as to be subject to the Fair Labor Standards Act of 1938, since act does not extend to such incidental and negligible transactions."
It was held by the District Court Nashville Division in Hooks v. Nashville Breeko Block Tile Company, 39 F. Supp. 369, as reflected from the syllabus, that: "Isolated transactions such as two shipments of cement building blocks by a Tennessee corporation engaged in making blocks to purchasers outside of Tennessee did not constitute `doing business in interstate commerce' within contemplation of Fair Labor Standards Act."
To the same effect is the opinion in Gerdert et al. v. Certified Poultry Egg Company, Inc., et al., 38 F. Supp. 964, decided by the District Court of Florida, Miami Division. *Page 325 
The fact that the same tank truck was used to make deliveries in both states does not, in our opinion, alter the situation. Driving across a state line an empty truck to be used in making intrastate deliveries of merchandise does not per se constitute commerce within the meaning of the FLSA.
For the reasons herein assigned, the judgment appealed from is affirmed, with costs.