Plaintiff brought this suit against the defendant, his former employer, for the sum of $339.20, alleged to be the amount due for overtime wages under the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq. The amount sued for is in excess of the wages actually paid, and plaintiff claims the additional sum of $150 as attorney's fees.
The facts show that plaintiff was employed by the defendant as a watchman at the municipal airport at Natchitoches, Louisiana; that he was on duty from 6 p.m. to 6 a.m., and that his agreed wage was $75 per month. Notwithstanding the admitted fact that plaintiff was paid and received the agreed wage during the period of his employment, he seeks to recover in this action additional compensation for overtime work under the provisions of the Federal statute.
The only question presented is whether or not the character of the business conducted by the defendant employer brought it within the exemption set forth in Section 13 of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 213.
Upon trial of the case the district Judge found, as shown by his written reasons for judgment: "* * * that the principal business of the defendant was training naval flyers who flew planes from the Natchitoches field which they operated to the Clarence field and back again. Of course, all of these activities were carried on wholly within the confines of the State of Louisiana."
While the learned Judge stated that there was some proof that planes on interstate flights occasionally landed and departed from the Natchitoches field, he designated these instances as being few and isolated, and, on the facts adduced on trial of the case, concluded that the defendant corporation was engaged in an intrastate enterprise.
On the basis of the facts found, the district Judge held the exemption in Section 13 of the Federal Act applicable, and gave judgment for the defendant, rejecting the demands of plaintiff, from which judgment plaintiff has appealed.
The pertinent portion of Section 13 of the Fair Labor Standards Act reads as follows: "§ 213. Exemptions. (a) The provisions of sections 206 and 207 of this title shall not apply with respect to * * * (2) any employee engaged in any retail or service establishment the greater part of whose selling or servicing is in intrastate commerce."
Sections 206 and 207 referred to in the above quotation are the minimum wage and hour provision of the Act.
[1] The record in this case conclusively bears out the finding of facts as stated by the district Judge. The defendant corporation, organized under the laws of the State of Louisiana and domiciled at Natchitoches, was formed for the particular purpose of contracting with the United States Army and Navy for the training of flyers for service in the air forces. This was its principal business. The field was maintained primarily as a training base, and the landing there of planes other than the training planes was purely incidental. The servicing of these planes with oil and gas, so far as the record discloses, was a minor consideration, and there is nothing in the record which casts any shadow of doubt upon the truth of defendant's contention that it operated an intrastate business.
It is conceded that the Federal Act should be liberally construed, and, accordingly, that the provisions of the exemption should be strictly construed. The Federal Courts have gone far in their liberal interpretations, but nowhere do we find any decisions which would indicate that the minimum wage and hour provisions of the *Page 639 
statute should be applied under the facts developed in the case before us.
[2] In Reynolds v. Carter, 9 So.2d 322, this Court held that the word "commerce", as employed in the Act, was not intended to embrace isolated and unrelated instances of interstate transportation by one whose business was predominantly, indeed, almost exclusively, intrastate.
It is to be particularly observed that the exemption of the quoted section of the Act applies to service establishments the greater part of whose servicing is in interstate commerce.
As was pointed out by the district Judge in his opinion, the application of the provisions of the Act to cases of this kind would involve every local service station which sold gas to motor vehicles traveling interstate; every local garage which housed or stored motor vehicles traveling across state lines; every restaurant where meals were served to tourists traveling interstate. These and a multitude of other similar illustrations serve to emphasize the conclusion, which was correctly reached by the lower Court, that the extension of the benefits of the Act to include the facts developed in the instant case would result in unjust, unfair, unreasonable, and, in certain imaginable instances, absurd results.
For the reasons assigned, the judgment appealed from is affirmed.
KENNON, J., takes no part.