Henry REMMERS, Plaintiff-Appellant,

v.

George EGOR, d/b/a Egor Tool and Die Company, Defendant-Appellee.

No. 413, Docket 28625.

United States Court of Appeals Second Circuit.

Argued April 10, 1964.

Decided May 6, 1964.

**104**

Eleanor Remmers, New York City, for plaintiff-appellant.

I. Robert Bassin, Jamaica, N. Y., for defendant-appellee.

Before MOORE, SMITH and KAUFMAN, Circuit Judges.

PER CURIAM.

Alleging that he was compelled to work in excess of 40 hours per week during the period extending from January 4, 1957 until December 8, 1958, plaintiff Remmers brought this action under the Fair Labor Standards Act to recover the sum of $5,327.75, as time-and-a-half compensation for his overtime, and an equal amount in statutory penalties, pursuant to 29 U.S.C. § 216(b). At the conclusion of the trial without a jury, Judge Mishler determined that Remmers was not an employee "engaged in commerce or in the production of goods for commerce," within the meaning of 29 U.S.C. §§ 206 and 207, and hence was not included within the coverage of the Act.

■■ Although recognizing that the Fair Labor Standards Act "has been construed liberally to apply to the furthest reaches consistent with congressional direction," Mitchell v. Lublin, McGaughy & Assocs., 358 U.S. 207, 211, 79 S.Ct. 260, 264, 3 L.Ed.2d 43 (1959), we find no basis in the present record for overturning Judge Mishler's determination. Thus, the evidence revealed that during the period in question, Remmers was employed as a tool-and-die maker for Egor, at the latter's three-man shop on Long Island. The only testimony which pertained to the interstate character of either Remmers' work or Egor's business simply established that once, in the entire two-year period, Remmers had wrapped a package or packages which were shipped to a company in Providence, Rhode Island, and that on another occasion, Egor himself had delivered a die in Massachusetts. These two isolated instances hardly constitute a showing that "a substantial part" of Remmers' work was related to interstate commerce. See Divins v. Hazeltine Electronics Corp., 163 F.2d 100 (2d Cir.1947). As the Supreme Court indicated in Mabee v. White Plains Pub. Co., 327 U.S. 178, 66 S.Ct. 511, 90 L.Ed. 607 (1946), "sporadic or occasional shipments of insubstantial amounts of goods" are insufficient to bring an employee within the coverage of the act.

The judgment is affirmed.