**W. Willard WIRTZ, Secretary of Labor, United States Department of Labor, Plaintiff,**

**v.**

**Lorraine F. WHITE and David C. White, individually and as Co-Partners, doing business as White Surveying Company, Defendants.**

**Civ. No. 6383.**

United States District Court
N. D. Oklahoma.

Aug. 24, 1967.

M. J. Parmenter and Richard L. Collier, U. S. Dept. of Labor, Dallas, Tex., for plaintiff.

Houston, Klein & Davidson, Tulsa, Okl., for defendants.

## MEMORANDUM OPINION

DAUGHERTY, District Judge.

Plaintiff brings this action against the defendants to enjoin them from violating the overtime provisions of the Fair Labor Standards Act (Act), 29 U.S.C., Sections 207 and 215(a) (2), from failing to keep proper records, 29 U.S.C., Sections 211(c) and 215(a) (5) and 29 C.F.R. 516 and from withholding the payment of overtime compensation due certain employees of the defendants, 29 U.S.C. § 217. Jurisdiction is present in this Court pursuant to 29 U.S.C. § 217.

The defendants deny that they have been engaged in the production of "goods" for interstate commerce as defined by the Act and also deny that they had actual knowledge or grounds to anticipate that any of their products were moving in interstate commerce and that for either reason or both reasons the defendants' employees are not covered by the Act and this action should be dismissed against the defendants.

The Court finds from the evidence that since December 17, 1964, the defendants as partners have been engaged in Tulsa, Oklahoma, in preparing and producing surveys or plats of lots (mostly residential but some commercial sites) in Tulsa and vicinity, at the request of several local mortgage brokerage houses and which they have sold to local borrowers or the local mortgage brokerage houses at the rate of $15 for a set of five or six copies; that the local mortgage brokerage houses thereafter sell the notes and mortgages or loans pertaining to the lots or sites involved to out-of-state investors and in connection therewith send to the out-of-state investors one copy of the survey or plat prepared, produced, sold and delivered by the defendants as aforesaid. This procedure of the local mortgage brokerage houses of selling the loans to out-of-state investors applies to all or practically all of the loans and pertinent plats or surveys in which the defendants are involved.

■ The Court further finds that said surveys or plats are "goods" within the meaning of the Act.[1] Western Union Tel. Co. v. Lenroot, 323 U.S. 490, 65 S.Ct. 335, 89 L.Ed. 414; Powell v. United States Cartridge Corp., 339 U.S. 497, 70 S.Ct. 755, 94 L.Ed. 1017; Mabee v. White Plains Pub. Co., 327 U.S. 178, 66 S.Ct. 511, 90 L.Ed. 607; Willmark Service System, Inc. v. Wirtz, (Eighth Cir.—1963) 317 F.2d 486, cert. denied 375 U.S. 897, 84 S.Ct. 170, 11 L.Ed.2d 125; Public Building Authority of City of Birmingham v. Goldberg, (Fifth Cir. —1962) 298 F.2d 367; Union National Bank of Little Rock v. Durkin, (Eighth Cir.—1963) 207 F.2d 848. The Court rejects the position of the defendants that the surveys or plats are not "goods" under the authority of the case of Mitchell v. Lublin, McGaughy & Associates, (Fourth Cir.—1957) 250 F.2d 253. This case was reversed by Mitchell v. Lublin, McGaughy & Associates in 358 U.S. 207, 79 S.Ct. 260, 3 L.Ed.2d 243. But it is argued that the "goods" feature of the Fourth Circuit opinion was not necessarily overruled by the United States Supreme Court. If this is so, the Fourth Circuit opinion is clearly distinguishable from the facts in the case at hand. The holding of the Fourth Circuit in Mitchell was that plans and specifications prepared by employees of architects and engineers and not sold by them but used for guidance and reference in connection with certain construction, were not "goods" under the Act. But the Fourth Circuit in Mitchell said that if standard plans and specifications were prepared for sale or transportation by the architects and engineers they would be

[1]. 29 U.S.C. § 203(i) defines "goods" as follows:

"(i) 'Goods' means goods (including ships and marine equipment), wares, products, commodities, merchandise, or articles or subjects of commerce of any character, or any part or ingredient thereof, but does not include goods after their delivery into the actual physical possession of the ultimate consumer thereof other than a producer, manufacturer, or processor thereof."

"goods" and fall within the coverage of the Act. In the case at hand, all the surveys or plats prepared and produced by the defendants were sold by them and this situation thus falls within the exception clearly expressed by the Fourth Circuit in Mitchell. The above cited cases and particularly the Western Union Telegraph case leave no reasonable doubt that a written survey or plat of a lot or site is "goods" under the Act when produced and sold by the maker.

But the defendants also claim that they had no knowledge that their surveys or plats were moving in commerce after they left their possession following their local sale thereof until they were so advised by an investigator of the plaintiff in December 1965 or January 1966. The plaintiff counters by asserting that in the circumstances of one of the defendants being in the lot survey or plat business for many years and doing business with local mortgage brokerage houses during such time and the general method of business of the mortgage brokerage houses in selling their loans to out-of-state investors, that defendants had reasonable grounds to believe, anticipate and expect at the time they produced the plats or surveys that they would move out-of-state with the sale of the loans to which they pertained and that defendants are held or charged with this knowledge. The plaintiff points to Warren-Bradshaw Drilling Compnay v. Hall, 317 U.S. 88, 63 S.Ct. 125, 87 L.Ed. 83 (1942), where the United States Supreme Court held that an independent contractor drilling oil wells for another is held to have reasonable grounds to anticipate that the oil produced by his efforts would move in interstate commerce through pipe lines and refineries.[2] And to D. A. Schulte, Inc. v. Gangi, 328 U.S. 108, 66 S.Ct. 925, 90 L.Ed. 1114 (1946), where the court held that employers in New York City making garments for other concerns in New York City to whom they delivered the same after production had reasonable grounds to anticipate that material quantities of their production would move interstate. This latter case provides at 328 U.S. 121, 66 S.Ct. 931, 90 L.Ed. 1122 that, "Producers may be held to know the usual routes for distribution of their products." And further held, " * * * [i]t is not essential that individual products should be traced. It is sufficient that from the circumstances of production, a trier of fact may reasonably infer that a producer has grounds to anticipate that his products will move interstate."

As the trier of the facts herein and after hearing the testimony of the defendants and other witnesses and observing the demeanor and appearance of the witnesses and considering all of the circumstances of the defendants' production and sale of lot surveys or plats, their time in business, their local mortgage house clients, and the business methods of the local mortgage brokerage houses, I find and conclude that the defendants had reasonable grounds to anticipate that their products would move in commerce to the ultimate investor.

At final arguments, the defendants urged for the first time that the ultimate consumers of the surveys or plats produced and sold by the defendants, are the mortgage brokerage houses in Tulsa, and that by this fact the surveys or plats are not "goods" under the exception in the definition of "goods" as set out in footnote 1. This is not deemed to be a valid argument for the facts herein are that a copy of each survey or plat accompanied each set of loan papers as they were transmitted outside the state by the local mortgage brokerage houses to the ultimate investor who would thus be the ultimate consumer. In addition, the local mortgage brokerage houses could well be considered to be

2. This case said at 317 U.S. 92, 93, 63 S. Ct. 127, 87 L.Ed. 86, "Petitioner (the oil drilling company), closely identified as it is with the business of oil production, cannot escape the impact of the Act by a transparent claim of ignorance of the interstate character of the Texas oil industry."

processors of the plats or surveys produced by the defendants for the ultimate consumer, the ultimate out-of-state investor.

With the foregoing findings and conclusions that the surveys or plats involved are "goods" under the Act, and that the defendants had reasonable grounds to anticipate that they would move in commerce, the result follows that the employees of the defendants were and are covered by the Act, that such employees are entitled to time and a half for overtime, the records of the defendants should be kept accordingly, and the defendants should be enjoined from withholding the payment of overtime compensation found due to certain of the defendants' former and present employees. In this connection, from the evidence, the Court finds that the defendants owe the following amounts to employees by virtue of their failure to pay them in accordance with the overtime requirements of the Act:

| | |
|---|---|
| Lee Anders | $ 756.56 |
| Jack Brown | 117.50 |
| John DeHart | 234.41 |
| R. A. DeHart | 8.00 |
| Francis Falkner | 7.50 |
| Floyd Francisco | 205.41 |
| Thomas Harbison | 664.92 |
| Gene Newlun | 221.25 |
| Chapman Phillips | 6.74 |
| Patrick Purtell | .79 |
| Robert Sheffield | 323.26 |
| Stanley Wallace | 107.63 |
| Kenneth Wilson | 95.31 |
| Total | $2749.28 |

The defendants, therefore, should be enjoined from violating the overtime provisions of the Act and from failing to keep their records in accordance therewith, and should be further enjoined from withholding the payment of overtime compensation found due the above listed employees in amounts set opposite their names.

The plaintiff will prepare a judgment conforming to the foregoing for the signature of the Court and entry herein.