**Lorraine E. WHITE and David C. White, d/b/a White Surveying Company, Appellants,**

v.

**W. Willard WIRTZ, Secretary of Labor, United States Department of Labor, Appellee.**

**No. 9824.**

United States Court of Appeals
Tenth Circuit.

Oct. 28, 1968.

Richard T. Sonberg, Tulsa, Okl. (R. L. Davidson, Jr., Tulsa, Okl., and Houston, Klein & Davidson, Tulsa, Okl., of counsel, with him on the brief), for appellants.

Donald S. Shire, Atty., United States Dept. of Labor, Washington, D. C. (Charles Donahue, Sol. of Labor, Bessie Margolin, Associate Sol., Robert E. Nagle, Atty., Washington, D. C., and Major J. Parmenter, Regional Atty., with him on the brief), for appellee.

Before LEWIS, SETH and HICKEY, Circuit Judges.

SETH, Circuit Judge.

The Secretary of Labor commenced this action to restrain the defendants-appellants from violating the provisions of the Fair Labor Standards Act relating to overtime pay and record keeping (29 U.S.C. §§ 211(c), 215(a) (5)). The principal issue raised at trial was whether the employees of the defendants were engaged in the production of goods for interstate commerce.

The trial court concluded that they were so engaged and granted the plaintiff Secretary the remedy sought. The defendants have taken this appeal urging that the trial court was in error in find-

ing that the work product of defendants was "goods" as contemplated by the Fair Labor Standards Act, and was otherwise in error in finding the defendants were subject to the overtime and record keeping provisions of the act.

The trial court prepared an opinion in this case which appears at 272 F.Supp. 70, and in our view considers and properly disposes of the several issues. Thus we will here only consider the authorities briefly and treat some developments in the law which have occurred after the opinion.

Cases of this nature are now by no means of first impression, and the statute and the case law represents a development of a broad definition of "engaging in interstate commerce," of what constitutes the "production of goods for commerce," and of activities "essential to the production of goods for commerce." The law was enacted in 1938, and in the ensuing thirty years the cases making applications of its terms to a great variety of enterprises have left little ground not yet turned. There have been several amendments, but the provisions relating to the production of "goods" have not been changed in any significant way.

The defendants as partners are engaged in Tulsa, Oklahoma, in the making of the usual surveys of land and lots; and in making plats and maps of commercial and residential property in and near the city. All the work is conducted within Oklahoma and the plaintiff does not assert nor did the trial court find that defendants are engaged in interstate commerce. The plats and maps are sold by the defendants mostly to mortgage companies in Tulsa who make or arrange for loans on local property. Virtually all of these loans are then sold to out-of-state buyers for long term investments. The plats prepared by the defendants are included in the papers supporting the loan sold, and are shipped to these investors.

The trial court found as a fact that the defendants having engaged in their business for many years had reasonable grounds to believe and expect that their plats would be transmitted out of state with the other papers related to the loans. The court concluded that they were charged with such knowledge citing *Warren-Bradshaw Drilling Co. v. Hall*, 317 U.S. 88, 63 S.Ct. 125, 87 L.Ed. 83, and *D. A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 90 L.Ed. 1114, for this proposition. The finding is supported by the record, and we consider the conclusion drawn to be correct.

As to the question whether the plats are "goods" within the meaning of the act the Fifth Circuit, since the case before us was decided, held in *Wirtz v. A. S. Giometti & Associates, Inc.*, 399 F.2d 738 (5th Cir.) (August 23, 1968), that plats produced under almost identical circumstances, and used as here, were "goods," and thus the employees were there engaged in the production of "goods for commerce." We must hold under the authorities that the employees of defendants in the case at bar were similarly engaged. The cases considered by the Fifth Circuit in the cited case were argued to the trial court in this case and to us.

Both parties have argued at length the decisions in *Mitchell v. Lublin, McGaughy & Associates*, 250 F.2d 253 (4th Cir.), and reversed at 358 U.S. 207, 79 S. Ct. 260, 3 L.Ed.2d 243. There the Fourth Circuit had held that the surveys, plans, and blueprints there produced by a firm of architects and engineers as a part of their overall services were not "goods" for these purposes. The facts there showed that the men engaged in the field work traveled into other states. The Supreme Court held that the employees were engaged in commerce and were thus under the act and thus disposed of the case on such grounds without mention of the "goods" issue. Other courts in cases having comparable facts have decided the issue before us. These cases include *Willmark Service System, Inc. v. Wirtz*, 317 F.2d 486 (8th Cir.), which concerned the reports of em-

ployees of company which evaluated the employees of its customers; Western Union Tel. Co. v. Lenroot, 323 U.S. 490, 65 S.Ct. 335, 89 L.Ed. 414; Craig v. Far West Engineering Co., 265 F.2d 251, 72 A.L.R.2d 1143 (9th Cir.), work product of architectural and engineering employees, and based in part on Mitchell v. Lublin, McGaughy & Associates, supra; Allen v. Atlantic Realty Co., 384 F.2d 527 (5th Cir.); Powell v. United States Cartridge Co., 39 U.S. 497, 70 S.Ct. 755, 94 L.Ed. 1017.

The defendants-appellants argue that in the examination of the authorities we distinguish between the cases which concern enterprises which are engaged in commerce and those which are not. This is a reasonable factor to consider and we have done so, but are still of the opinion that the trial court was correct.

The defendants also argue that a different result should follow where the plats were initially sold to someone within the same state. We cannot agree in view of the findings of the trial court, and the prevailing law.

The defendants also urge that the trial court was in error in requiring them to answer certain interrogatories as this was an undue burden and expense. The trial court found that defendants failed to show why responding to the interrogatories would be burdensome, or why a protective order was required. The defendants did not submit an affidavit to support their position. The defendants requested oral argument on the motion but the trial court refused. It is apparent that the trial judge has broad discretion relating to protective orders under rule 30(b), Fed.R.Civ.P., and the defendants have not here demonstrated an abuse of discretion. There is no rule requiring oral argument, and if the written objections to discovery are not plain and specific to show a basis in fact for the motion's conclusionary statements as to the burden the trial court in its discretion may deny relief. See 4 Moore, Federal Practice, § 33.20.

Affirmed.