George P. **SCHULTZ**, Secretary of Labor, United States Department of Labor

v.

Roger **MERRIMAN**.

Civ. A. No. 2915.

United States District Court
D. New Hampshire.
Sept. 9, 1969.

## DECISION

BOWNES, District Judge.

This is an action brought by the Secretary of Labor asking that the defendant be enjoined from violating of the overtime and record-keeping provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq. (1964) [hereinafter, the Act], and to enjoin the defendant from withholding overtime compensation claimed due certain of his present or former employees.

The defendant, Roger Merriman, is a civil engineer engaged in the business of surveying land situated entirely within the State of New Hampshire. The surveying results in the preparation of plot plans or maps which are either delivered to clients within the state, or mailed to clients who reside outside of the state, but own property or are interested in purchasing property within the state.

There are nine employees whom the plaintiff claims are subject to the wage and hour provisions of the Act; seven are so-called "rod-and-transit" men who work in the field, and two are office personnel, a draftsman and a clerk. None of the employees use the mails in connection with their employment, nor do they travel across state lines in accomplishing their work. The plans or maps which are the end result of the defendant's surveys are of New Hampshire residential properties. The issue in the case, as is usual in most cases under the Act, is whether or not the defendant's employees are engaged "in the production of goods for commerce" and "in commerce" as the Act has been defined.

Section 203 of the Act defines "Commerce," "Goods," and "Produced" as follows:

> (b) "Commerce" means trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof.
>
> \* \* \*
>
> (i) "Goods" means goods (including ships and marine equipment), wares,

Albert H. Ross, Regional Solicitor, Floyd G. Ansley, Deputy Regional Solicitor, U. S. Dept. of Labor, Boston, Mass., for plaintiff.

David J. KillKelley, Nighswander, Lord & Martin, Laconia, N. H., for defendant.

products, commodities, merchandise, or articles or subjects of commerce of any character, or any part or ingredient thereof, but does not include goods after their delivery into the actual physical possession of the ultimate consumer thereof other than a producer, manufacturer, or processor thereof.

(j) "Produced" means produced, manufactured, mined, handled, or in any other manner worked .on in any State; and for the purposes of this chapter an employee shall be deemed to have been engaged in the production of goods if such employee was employed in producing, manufacturing, mining, handling, transporting, or in any other manner working on such goods, or in any closely related process or occupation directly essential to the production thereof, in any State.

The all-encompassing language of these statutory definitions leaves little doubt that the Congressional purpose was to include within the purview of the Act, rather than exclude from its coverage, those employees indirectly or tangentially producing goods for transmission outside a state. See Mitchell v. Lublin, McGaughy & Associates, 358 U.S. 207, 211, 79 S.Ct. 260, 3 L.Ed.2d 243 (1959). The myriad of cases from every district, every circuit, and the Supreme Court itself, construing the coverage provisions of the Act gives a court ample choice in a close case to cite as much precedent as it wants for support of whatever position it may take. See Goldberg v. Wade Lahar Construction Company, 290 F.2d 408 (8th Cir. 1961). In fact, two of the so-called "landmark" cases in this field, Mitchell v. C. W. Vollmer & Co., 349 U. S. 427, 75 S.Ct. 860, 99 L.Ed. 1196 (1955), and Mitchell v. H. B. Zachry Co., 362 U.S. 310, 80 S.Ct. 739, 4 L.Ed. 2d 753 (1960), arrive at opposite results while they avowedly apply the same test to a similar set of facts.

The First Circuit decision of Mitchell v. Dooley Bros., Inc., 286 F.2d 40 (1st Cir. 1960), expressed the coverage test as "* * * the nature of the work being done, and not the nature of the employer's business, that is controlling." 286 F.2d at 43. In *Dooley Bros.*, the Court held that the employees of independent contractors engaged in providing rubbish and janitorial services to companies engaged in commerce or the production of goods for commerce were entitled to the coverage of the Act. The Court, in stating the applicable standard, cited Mitchell v. Lublin, McGaughy & Associates, *supra*. In that case, the Supreme Court held non-professional employees of architectural blueprint firms entitled to coverage under circumstances extremely similar to the instant case, although the volume of business was much greater. The Court expressly included draftsmen, fieldmen, clerks, and stenographers within the Act's coverage. A similar holding from the Tenth Circuit, White v. Wirtz, 402 F.2d 145 (10th Cir. 1968), extended coverage to similar employees where the finished plan was prepared by the employer for another firm, and then transferred out of state by the latter firm.

The issues in this case are whether or not the plans made by the defendant are "goods" within the meaning of the Act, and whether or not the nine employees are "engaged in the production of goods for commerce between any State and any place outside thereof."

The defendant takes the position that the making of plans or maps cannot be equated with "goods for commerce," since they are, only, the mechanical method by which professional advice is given. The nature of the defendant's business is described as one in which he gives professional advice and assistance which, of necessity, must result in a permanent form of plan so as to be available for guidance and reference. The defendant also argues that the cases cited by the plaintiff as supporting the inclusion of plans within the definition of "goods" are distinguishable because of the commercial use made of the plans. Further, the defendant emphasizes the fact that the lands surveyed by his em-

ployees are located entirely within the State of New Hampshire, and the surveys and plans are aimed to meet the particular problem of a specific client and are not for sale generally. The defendant puts great reliance on McComb v. Turpin, 81 F.Supp. 86 (D.Md.1948).

■ This Court has no difficulty in rejecting the defendant's contention that plans and maps are nothing more than physical embodiments of professional conclusions and advice. The end results of the defendant's labor are the plans or maps themselves and they are far more than the mere graphic presentation of a running description of boundaries such as one would find in a deed, mortgage, or other conveyance. Certainly, a client who retains Mr. Merriman to make a survey of the boundaries of his property does so for the purpose of obtaining from him a plan that can be seen and studied. The survey must be translated into a map on paper if it is to mean anything to the landowner and have any value to him. The intermediate result, i. e., the location of the boundaries, the distances between them, and the compass directions are merely notes in a field book with no meaning or value to the ordinary layman. Contrary to the holding in McComb v. Turpin, *supra,* this Court rules that the plans produced by Mr. Merriman are "goods" and are the subject of barter and sale, and come within the scope of the "goods" definition of the Act. See Wirtz v. A. S. Giometti & Associates, Inc., 399 F.2d 738 (5th Cir. 1968).

■ The second consideration, whether or not the nine employees who help make the plans or otherwise contribute to their formulation are engaged in the "production of goods for commerce between any State and any place outside thereof," is to be determined by practical considerations with emphasis on the closeness of the relationship between the process or activity they perform and the production of the goods, as defined. Mitchell v. Dooley Bros., Inc., *supra.* See Mitchell v. Lublin, McGaughy & As-

sociates, *supra;* and Mitchell v. H. B. Zachry Co., *supra.*

Mr. Merriman's employees are as directly and closely related to the production of his plans as the rubbish collectors and janitors in Mitchell v. Dooley Bros., Inc., were to the products produced by the clients of their independent contractor employers.

The answers to the interrogatories disclose that the defendant makes plans of New Hampshire residential properties for anyone who wishes to retain him. He does not restrict his product to residents of New Hampshire and, as has been noted by the government, at least twenty-six per cent of the plans in question were sent out of the state.

The defendant's claim that his activity as a surveyor is "local" and not "interstate" is contradicted by the economic facts. One of the main sources of revenue to the people of New Hampshire comes from the pockets of vacationers from other states. Some of these visitors find New Hampshire so desirable that they purchase property here for vacation homes. Mr. Merriman derives a part of his income from these non-residents who live here only a portion of each year. His plans and his bills are mailed, in many instances, to residents of other states who own or anticipate purchasing property located in New Hampshire. Even though the defendant is a small surveyor located practically in the geographic center of the State of New Hampshire, he is, because of his clientele, engaged in interstate commerce. Modern means of transportation, particularly the automobile and airplane, by shrinking time and distance, make crossing state boundaries an everyday occurrence. One inevitable economic result has been the expansion and growth of interstate commerce. Since the Congress has hinged the Fair Labor Standards Act to interstate commerce, the Act's coverage must also expand as travel and trade between the states expand. Unless the defendant carefully and meticulously restricts the sale of his plans to residents of the State of New

Hampshire, and all deliveries and payments are made within the state, he cannot help but be engaged in interstate commerce and his employees are, as a consequence, engaged in the production of goods in commerce and subject to the provisions of the Act.

The defendant, his agents, servants, and employees are permanently enjoined and restrained from violating the provisions of sections 15(a) (2) and 15(a) (5) of the Fair Labor Standards Act (29 U.S.C. §§ 215(a) (2), 215(a) (5) (1964)), and the defendant shall pay overtime compensation in the amounts stated to the employees listed on "Schedule C" of the plaintiff's interrogatories with interest from the date overtime compensation was due and payable. No costs.

So ordered.