George P. SHULTZ, Secretary of Labor,
United States Department of Labor,
Plaintiff, Appellee,

v.

Roger MERRIMAN, Defendant,
Appellant.

No. 7453.

United States Court of Appeals,
First Circuit.

April 14, 1970.

David J. KillKelley, Laconia, N. H.,
with whom Nighswander, Lord & Martin, Laconia, N. H., was on the brief, for
appellant.

Le Roy M. Jahn, Atty., Washington,
D. C., with whom Laurence H. Silberman, Solicitor of Labor, Bessie Margolin, Associate Sol., Carin Ann Clauss,
Atty., Washington, D. C., and Albert H.
Ross, Regional Solicitor, were on the
brief, for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

PER CURIAM.

The decision of the district court is
affirmed on the basis of its opinion, reported 303 F.Supp. 1174, except as modified herein. We do not adopt the penultimate paragraph, and the paragraph
immediately prior thereto; the one because the finding that 26% of the plans,
maps, etc., hereinafter plans, moved in
interstate commerce is unsupported in
the evidence, and the other because we
find it unnecessary to our decision.

Amplifying the portion of the
opinion dealing with the question whether the plans constituted "goods," we are
of the view that plans are not merely
embodiments of intangible professional

advice, but are ultimate physical products, capable of multiple uses. They do not fail to meet the ordinary concept of goods simply because a substantial amount of professional skill preceded or entered into their composition.

 With regard to the substantiality and regularity of defendant's activities in causing his plans to move in interstate commerce, it is true that no definite figures were introduced into evidence. This was largely because of defendant's unresponsive answer to Interrogatory No. 8. Nonetheless, we find it impossible to construe the admitted facts as showing other than substantial and consistent movement in commerce. Mabee v. White Plains Pub. Co., 1946, 327 U.S. 178, 66 S.Ct. 511, 90 L.Ed. 607. Even if the full 26% of the customers who were billed at their "addresses * * * of record" outside of the state did not there receive their plans initially (or by forwarding, *see* White v. Wirtz, 10 Cir., 1968, 402 F.2d 145), we cannot but conclude that a substantial portion of these plans were wanted at, and sent with some regularity to, the domicile of the customer. Defendant's testimony that all were not so sent does not go far enough to contradict the natural inference that a considerable number were. We note particularly that some of defendant's out-of-state clientele were corporations, who presumably wanted their plans at their home office.* As we pointed out in Mitchell v. Dooley Bros., Inc., 1 Cir., 1970, 286 F.2d 40, at 44, *cert. denied* 366 U.S. 911, 81 S.Ct. 1086, 6 L.Ed.2d 236, a very small proportion of interstate shipments satisfies the act.

On the record we must rule as matter of law that the defendant's employees were engaged in the production of goods for commerce.

McENTEE, Circuit Judge (dissenting in part).

I concur in that part of the court's opinion which concludes that the plans in question are "goods." I am constrained, however, to disagree with the court's conclusion that defendant was engaged in the production of goods for interstate commerce.

My difference with the court turns principally on the inference to be drawn from the admission that twenty-six percent of defendant's jobs were billed out of state. At trial the defendant testified that "a lot of the plans were delivered in New Hampshire, whereas the bills went out of state." In light of this uncontradicted statement, any inference of regular and continuous shipments in interstate commerce which might otherwise be drawn from defendant's billing list is, in my view, rebutted. The only conclusion to be drawn is that some unspecified number of defendant's plans were shipped in interstate commerce.

I in no way dispute the court's statement that only a small proportion of interstate commerce brings an employer under the Act. Nevertheless, even small numbers of interstate shipments must occur on a regular, nonsporadic basis to result in coverage.[1] Moreover, the government has the burden[2] of showing the evidence relied upon to establish engage-

---

\* In the year 1967 out-of-state corporations were billed for plans as follows: March, Valpey Corp.; Title Guarantee Co.; Woodland Shores, Inc.; June, Valpey; August, Valpey; Sept., Cata Corp.; Oct., Valpey; Dec., Belknap Dev. Corp. (twice).

1. Mabee v. White Plains Pub. Co., 327 U.S. 178, 181, 66 S.Ct. 511, 90 L.Ed. 607 (1946); Mitchell v. Household Fin. Co., 208 F.2d 667, 670 (3d Cir. 1953); see also Remmers v. Egor, 332 F.2d 103, 104 (2d Cir. 1964); Goldberg v. Worman, 37 F.Supp. 778 (S.D.Fla.1941).

2. The burden of proof on issues of coverage is on the party asserting it. Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 686–687, 66 S.Ct. 1187, 90 L.Ed. 1515 (1946); Jackson v. Airways Parking Co., 297 F.Supp. 1366, 1371 (N.D.Ga.1969); Wirtz v. Old Dominion Corp., 286 F. Supp. 378, 380 (E.D.Va.1968); Wirtz v. Durham Sandwich Co., 259 F.Supp. 710, 712 (M.D.N.C.1965), *aff'd*, 367 F.2d 810 (4th Cir. 1966).

ment in the production of goods for interstate commerce with particularity,[3] as decisions in cases of this kind depend heavily on "an analysis of the various types of transactions and the particular course of business \* \* \*" involved.[4] Since I am unwilling to infer that defendant *regularly* shipped plans in interstate commerce, it is my view that the government has not sustained its burden. Accordingly, I would reverse and enter judgment for the defendant.

---

3. Walling v. Jacksonville Paper Co., 317 U.S. 564, 570, 63 S.Ct. 332, 87 L.Ed. 460 (1943).

