Hector **FIGUEROA**, on behalf of himself and all others similarly situated, Plaintiffs,

v.

**AMERICA'S CUSTOM BROKERS, INC.**, a Florida corporation; America's International Trade Services, Inc., and Jorge J. Sam, an individual resident of the State of Florida, Defendants.

No. 98–3020–Civ.

United States District Court, S.D. Florida.

April 29, 1999.

**1374**

Donald Jaret, Miami, FL, for plaintiff.

Manuel Mesa, Miami, FL, for defendant.

### ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS AMENDED COMPLAINT

JAMES LAWRENCE KING, District Judge.

THIS CAUSE comes before the Court on the three separate Motions To Dismiss Plaintiff's First Amended Complaint, filed by Defendants America's Custom Brokers, Inc. ("ACB"), America's International Trade Services, Inc. ("AITS"), and Jorge J. Sam ("Sam") on March 10, 1999. Plaintiffs filed their response to Defendants' Motions on April 12, 1999.

### I. Factual and Procedural Background

Plaintiff Hector Figueroa, allegedly began working for Defendant ACB as a warehouse worker in January 1997. *See* First Am.Compl., at ¶ 10. On or before July 1997, Plaintiff Figueroa allegedly began working for Defendant AITS, also as a warehouse worker. *See id.* Plaintiffs allege that Defendant Sam managed and operated ACB and AITS. *See id.* at ¶ 4. Plaintiff Figueroa's employment with Defendants ACB and AITS allegedly ceased on or about November 13, 1998. *See id.* at ¶ 7.

During his employment with Defendants ACB and AITS, Plaintiff Figueroa was compensated at the hourly rate of $8.50. *See id.* at ¶ 11. Plaintiff Figueroa alleges that neither he nor the other employees similarly situated were paid time and one-half for hours that they worked in excess of forty per week. *See id.* at ¶¶ 11–13. Plaintiffs bring this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, seeking overtime compensation for work weeks beginning on or after February 1, 1996, liquidated damages, and costs, including reasonable attorney's fees. *See id.* at ¶ 5.

Defendants move to dismiss Plaintiffs' First Amended Complaint ("Complaint") for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. Defendants argue first that this Court lacks jurisdiction to hear Plaintiffs' claims because ACB and AITS only load and unload trucks of fish, and therefore are not employers engaged in commerce or the production of goods for commerce. Defendants contend further that the Complaint should be dismissed for failure to state a claim on the same grounds. Defendants also claim that Plaintiffs cannot allege any facts that demonstrate that Defendants ACB and AITS have gross annual sales of $500,000 or more, which they argue is required by the FLSA. Defendant Sam moves for failure to state a claim on the additional ground that he is not an employer within the meaning of the FLSA. Finally, all three Defendants state that Plaintiffs may not maintain their action because they were compensated at least one and one-half times the minimum wage at all times during their employment with Defendants.

### II. Legal Standard

A motion to dismiss will be granted only where it is clear that no set of facts consistent with the allegations could provide a basis for relief. "It is well established that a complaint should not be dismissed for failure to state a claim pursuant to Fed. R.Civ.Pro. 12(b)(6) 'unless it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief.'"

*Bradberry v. Pinellas County,* 789 F.2d 1513, 1515 (11th Cir.1986) (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). For purposes of a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and accept as true all facts alleged by the plaintiff. *See Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). The issue is not whether the plaintiff will ultimately prevail, but "whether the claimant is entitled to offer evidence to support the claims." *Little v. City of N. Miami,* 805 F.2d 962, 965 (11th Cir.1986) (citation omitted).

## III. Analysis

A. *Plaintiffs' Engagement in Interstate Commerce*

■ The FLSA's overtime compensation requirements apply to any employee "who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1) (West 1998). Plaintiffs therefore may sustain their FLSA claim if they are engaged in commerce [1] or in the production of goods for commerce.

■ In determining whether an employee is engaged in commerce, federal courts look to at the extent to which the employee's work is so closely related to the movement of commerce that it may be deemed—for practical purposes—a part of it, rather than merely an isolated local activity. *See, e.g., Marshall v. Victoria Transp. Co., Inc.,* 603 F.2d 1122, 1123 (5th Cir.1979).[2] Generally speaking, any regular contact with commerce, even if it is small, will result in an employee being covered by the FLSA. *See id.*

■■ Early federal cases held that the loading and unloading of goods is sufficiently related to interstate commerce so as to be considered an integral or component part thereof. *See, e.g., Walling v. Consumers Co.,* 149 F.2d 626, 629 (7th Cir.1945); *Clyde v. Broderick,* 144 F.2d 348, 351 (10th Cir.1944). The fact that the goods are temporarily warehoused does not change the fact that they are part of interstate commerce. *See Foremost Dairies Inc. v. Ivey,* 204 F.2d 186, 188 (5th Cir.1953). Federal regulations have codified these early cases, specifically providing that "[e]mployees whose work is an essential part of the stream of interstate or foreign commerce, in whatever type of business they are employed, are [ ] engaged in commerce and within the Act's coverage. This would include, for example, *employees of a warehouse whose activities are connected with receipt or distribution of goods across State lines....*" 29 C.F.R. 776.10(b) (West 1998) (emphasis added). As such, employees who load and unload goods that are a part of interstate commerce are engaged in commerce for purposes of the FLSA.

■ Defendants admit that their employees clear certain goods for Customs. *See* Decl. of Jorge J. Sam, at ¶ 4. There obviously would be no need for Defendants to provide this service unless the goods their employees load and unload were going to move outside the State of Florida. Plaintiffs satisfy the description of warehouse employees in 29 C.F.R. § 776.10(b); therefore, they likely are employees engaged in commerce and within the FLSA's coverage.

---

**1.** The FLSA defines commerce as "trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof." 29 U.S.C. § 203(b) (West 1998). Federal courts have interpreted this definition to extend the FLSA's application broadly, to the farthest reaches of channels of interstate commerce. *See, e.g., Marshall v. Whitehead,* 463 F.Supp. 1329, 1345 (M.D.Fla.1978).

**2.** The Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions issued prior to October 1, 1981. *See Bonner v. Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

Even assuming that Plaintiffs were not engaged in commerce, they likely are engaged in the production of goods for commerce. The FLSA provides that an "employee shall be deemed to have been engaged in the production of goods if such employee was employed in producing, manufacturing, mining, *handling, transporting, or* in any other manner working on such goods, or in any closely related process or *occupation directly essential to the production thereof.*" 29 U.S.C. § 203(j) (West 1998) (emphasis added). Federal courts have interpreted this broad definition of production to include the handling of goods that have moved in interstate commerce, even if the employee's specific business activity is local. *See Brock v. Hamad,* 867 F.2d 804, 808 (4th Cir.1989); *Radulescu v. Moldovan,* 845 F.Supp. 1260, 1264 (N.D.Ill.1994). Since Defendants' employees handle fish that has moved and/or will move in interstate commerce, they likely are also employees engaged in the production of goods for commerce.

Construing the Complaint in the light most favorable to Plaintiffs and accepting as true all facts alleged by them, Plaintiffs appear to be employees engaged in commerce and/or employees engaged in the production of goods for commerce. As such, Defendants' Motions To Dismiss— for subject matter jurisdiction and for failure to state a claim upon which relief can be granted—on this grounds must be denied.

B. *Defendants' Engagement in Interstate Commerce*

The FLSA also applies to employees employed in an enterprise engaged in commerce or in the production of goods for commerce. *See* 29 U.S.C. § 207(a)(1) (West 1998). The FLSA defines an enterprise engaged in commerce or in the production of goods for commerce as one that "(A)(i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000...." 29 U.S.C. § 203(a)(1) (West 1998).

The Court already has found that Plaintiffs likely are employees engaged in commerce or in the production of goods for commerce. Even if it had not, Plaintiffs likely work with goods (specifically, fish) that have moved in interstate commerce. As such, section 203(a)(1)(A)(i) is satisfied with respect to Plaintiffs.

Defendants ACB and AITS argue that their enterprises do not have an annual gross volume of sales of $500,000 or more. However, accepting as true all facts as alleged by Plaintiff, the Court must find at this point in the proceeding that Defendants do indeed have such sales. *See* Compl., at ¶ 6. This figure notwithstanding, federal courts have held that an employer that does not itself engage in interstate commerce falls within the FLSA's coverage if it prepares goods for another that transmits them in interstate commerce. *See White v. Wirtz,* 402 F.2d 145, 148 (10th Cir.1968). As such, Defendants likely satisfy section 203(a)(1)(A)(ii), and thus likely are enterprises engaged in commerce or in the production of goods for commerce.

Even more important, given the Court's conclusions in Part III.B of this Order, Defendants need not satisfy the $500,000 gross annual sales requirement. Since Plaintiffs likely are engaged in commerce or in the production of goods for commerce, it is of no consequence that Defendants may not fit the statutory definition of an enterprise engaged ill commerce or in the production of goods for commerce. The overtime compensation requirements of the FLSA do not demand that both the employee and the enterprise engage in commerce; either of them standing alone is sufficient. As such, De-

fendants' Motions To Dismiss—for subject matter jurisdiction and for failure to state a claim upon which relief can be granted—on this grounds must also be denied.

### C. Defendant Sam's Status as an Employer within the FLSA

The FLSA defines an employer to include "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d) (West 1998). Courts have interpreted this broad definition to mean that both the employing corporation and the individual responsible for operation thereof may be employers for purposes of the FLSA. *See, e.g., Patel v. Wargo,* 803 F.2d 632, 638 (11th Cir.1986).

In his declaration, Defendant Sam avers that he is President of ACB and AITS. *See* Decl. of Jorge J. Sam, at ¶ 2. Defendant Sam further declares that, although he is executive officer overseeing the businesses of Defendants ACB and AITS, he does not make "all of the day-to-day decisions regarding employment." *See id.* at ¶ 8. With respect to the termination of Plaintiff Figueroa, Defendant Sam states that Ms. Aileen Santiago was responsible for the firing, and did so due to Plaintiff Figueroa's allegedly substandard performance. *See id.* As Plaintiffs note, nowhere in his declaration does Defendant Sam deny that he generally hires and fires employees (even if he did not do so with respect to Plaintiff Figueroa) or that he has operational control over significant aspects of the day-to-day operations (including, but not limited to, decisions over employment) of one or both of Defendants ACB and AITS. *See Dole v. Elliott Travel & Tours, Inc.,* 942 F.2d 962, 966 (6th Cir.1991) ("To be classified as an employer, it is not required that a party have exclusive control of a corporation's day-to-day functions. The party need only have operational control of significant aspects of the corporation's day-to-day functions."). Construing the Complaint in the light most favorable to Plaintiffs and accepting as true all facts alleged by them, the Court finds that it must deny Defendant Sam's motion to dismiss on the ground that he is not an employer within the meaning of the FLSA.

### D. Plaintiffs' Compensation of Greater Than One and One-half the Minimum Wage

The FLSA provides that no employer shall employ any of his employees covered by the Act "for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than *one and one-half times the regular rate* at which he is employed." 29 U.S.C. § 207(a)(1) (West 1998). The FLSA defines an employee's regular rate as including "all remuneration for employment paid to, or on behalf of, the employee." 29 U.S.C. 207(e) (West 1998).

As Plaintiffs correctly point out, nowhere in its requirements for overtime compensation does the FLSA mention the minimum wage. Since the statute specifically provides that employees working overtime be compensated with one and one-half times their regular wage—be it the minimum or more than that—Defendants' argument that they have fulfilled their statutory obligation by paying Plaintiffs more than one and one-half times the minimum wage is wholly without merit. As such, the Court must deny their Motion To Dismiss on such grounds.

### IV. Conclusion

Accordingly, after a careful review of the record, and the Court being otherwise fully advised, it is

ORDERED and ADJUDGED that Defendants' Motions To Dismiss be, and the same are hereby, DENIED. Defendants shall have ten (10) days from the date of this Order in which to file an Answer to Plaintiffs' First Amended Complaint.

DONE and ORDERED.